Eric G. Moskowitz
Assistant General Counsel
Abby Propis Simms
Deputy Assistant General Counsel
Laura Bandini, Senior Attorney
Mark G. Eskenazi, Attorney
National Labor Relations Board
Special Litigation Branch
1099 14th Street, N.W., Suite 8600
Washington, DC 20570
Tel: (202) 273-2931/Fax: (202) 273-1799
eric.moskowitz@nlrb.gov
*Attorneys for the National Labor Relations Board*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

_____
                                    )
NATIONAL LABOR RELATIONS            )
BOARD,                              )
              Plaintiff,           )
                                    )
      v.                           )
                                    )
STATE OF ARIZONA,                   )
              Defendant.           )
_____)

## COMPLAINT FOR DECLARATORY JUDGMENT

### I.

Plaintiff seeks a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that Arizona Constitution Article 2 § 37 ("Article 2 § 37"), attached hereto as Exhibit A, conflicts with the rights of private sector employees under the National Labor Relations Act, as amended, 29 U.S.C. § 151 et seq. ("NLRA") and is therefore preempted.

1

II.

Article 2 § 37 is preempted by operation of the NLRA and the Supremacy Clause of the United States Constitution (Article VI, Clause 2) because it prohibits alternative routes to union representation that are authorized and protected by the NLRA.

III.

This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337.  This action arises under the NLRA and the Supremacy Clause of the United States Constitution (Article VI, Clause 2).

IV.

Venue is proper under 28 U.S.C. § 1391 because the Defendant resides in this judicial district.

V.

Plaintiff National Labor Relations Board is an independent agency of the United States, created by Congress in 1935 and charged with the administration of the NLRA.  29 U.S.C. § 153.

VI.

Defendant State of Arizona is one of the fifty states of the United States.

VII.

On November 2, 2010, the voters of Arizona approved Article 2 § 37, entitled "Right to secret ballot; employee representation," which is now in effect.  Article 2 § 37 states "[t]he right to vote by secret ballot for employee representation is fundamental and shall be guaranteed where local, state or federal law permits or requires elections, designations or authorizations for employee representation."

VIII.

Article 2 § 37 applies to private employees, employers, and labor organizations also subject to the NLRA.

IX.

Section 7 of the NLRA, 29 U.S.C. § 157, provides in part that "Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all such activities."

X.

Section 9(a) of the NLRA, 29 U.S.C. § 159(a), states in part that "Representatives designated or selected for the purposes of collective bargaining by the majority of the employees in a unit appropriate for such purposes, shall be the exclusive representatives of all the employees in such unit for the purposes of collective bargaining in respect to rates of pay, wages, hours of employment, or other conditions of employment." Section 9(c) of the NLRA, 29 U.S.C. § 159(c), provides in part, in circumstances where employees or employers file a representation petition and a "question of representation exists, [the Board] shall direct an election by secret ballot and shall certify the results thereof."

XI.

Section 8(f) of the NLRA, 29 U.S.C. § 158(f), states in part that "It shall not be an unfair labor practice . . . for an employer engaged primarily in the building and construction industry to make an agreement . . . with a labor organization of which building and construction employees are members . . . because [] the majority status of such labor organization has not been established under the provisions of section 159 of this title prior to the making of such agreement . . . ."

XII.

The NLRA permits but does not require secret ballot elections for the designation, selection, or authorization of a collective bargaining representative where, for example, employees successfully petition their employer to voluntarily recognize their designated representative on the basis of reliable evidence of majority support, in

accordance with Sections 7 and 9 of the NLRA, 29 U.S.C. §§ 157 and 159, or where a construction union seeks recognition from a construction employer in accordance with Section 8(f) of the NLRA, 29 U.S.C. § 158(f).

XIII.

Because Article 2 § 37 of Arizona's constitution provides that a secret ballot election is "guaranteed" wherever federal law "permits <u>or</u> requires elections" (emphasis supplied), Article 2 § 37 requires elections where federal law does not and thereby deprives private sector employees of their right to pursue the other options permitted by federal law to designate, select, or authorize representatives of their own choosing and to secure their employers' voluntary recognition of such representatives.

XIV.

Article 2 § 37 of Arizona's constitution creates an actual conflict with private sector employees' NLRA Section 7 right to representatives of their own choosing.  The Amendment is therefore preempted by operation of the Supremacy Clause of the United States Constitution.

XV.

In addition, even if it were fairly possible to construe Arizona State Constitution Article 2 § 37 as only supporting the NLRA's guarantee of a secret ballot election if the voluntary recognition option is not chosen, Article 2 § 37 is preempted insofar as it creates a parallel state enforcement mechanism for protecting employee representation rights that Congress assigned to the National Labor Relations Board.  See 29 U.S.C. §§ 157, 159; U.S. Const. Art. VI, cl. 2.

WHEREFORE, Plaintiff respectfully requests this Court:

1. To issue a declaration that Arizona State Constitution Article 2 § 37, to the extent that it applies to private employees, employers, and labor organizations subject to the National Labor Relations Act (29 U.S.C. § 151 et seq.), is preempted by operation of the National Labor Relations Act and the Supremacy Clause of the United States Constitution (Article VI, Clause 2); and

2. To grant such other and further relief as the Court may deem proper.

Respectfully submitted,

Dated:  May 6, 2011

/s/Eric G. Moskowitz
Eric G. Moskowitz
Assistant General Counsel
National Labor Relations Board
Special Litigation Branch
1099 14th Street, NW
Washington, DC 20570
Tel: (202) 273-2931
Fax: (202) 273-1799
Eric.Moskowitz@nlrb.gov

Abby Propis Simms
Deputy Assistant General Counsel
Tel: (202) 273-2934
Abby.Simms@nlrb.gov

Laura Bandini
Senior Attorney
Tel: (202) 273-3784
Laura.Bandini@nlrb.gov

Mark G. Eskenazi
Attorney
Tel: (202) 273-1947
Mark.Eskenazi@nlrb.gov