**Scharf-Norton Center for Constitutional Litigation at the GOLDWATER INSTITUTE**
Clint Bolick (Arizona Bar No. 021684)
Diane S. Cohen (Arizona Bar No. 027791)
Christina Kohn (Arizona Bar No. 027983)
500 E. Coronado Rd., Phoenix, AZ 85004
(602) 462-5000
litigation@goldwaterinstitute.org
*Attorneys for Intervenor-Defendants Save Our Secret Ballot & 34 Individuals*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD, | ) 2:11-cv-00913 |
| Plaintiff, | ) **MOTION TO INTERVENE AS DEFENDANTS ON BEHALF OF SAVE OUR SECRET BALLOT AND 34 INDIVIDUALS** |
| vs. | ) |
| STATE OF ARIZONA, | ) |
| Defendant. | ) |

1. Pursuant to Rule 24, Fed. R. Civ. Pro., Save Our Secret Ballot and 34 individuals move to intervene as defendants to defend the validity and vitality of Art. 2, § 37 of the Arizona Constitution, which protects the right of workers to vote by secret ballot when a union is proposed. Plaintiff National Labor Relations Board seeks a declaration that the amendment is pre-empted by federal law. Defendant State of Arizona has represented to counsel that it will not oppose this motion.

2. This Motion is supported by the attached Exhibits, including the pleading that sets out the claim or defense for which intervention is sought (Ex. 1) as required by Rule 24(c), Fed. R. Civ. P.

3. Save Our Secret Ballot drafted the language of the amendment (Affidavit of Timothy F. Mooney (Ex. 2), ¶ 7).[1] It previously intervened to defend the certification of the amendment for the November 2010 ballot in *McLaughlin v. Bennett*, 238 P.3d 619 (Ariz. 2010) (Ex. 2, ¶ 7). The mission of Save Our Secret Ballot is to educate the American public on the continued need for a secret ballot for union recognition (*id.*, ¶ 3). Save Our Secret Ballot's principal activity is to place on state election ballots and secure voter approval of state constitutional amendments to protect the right to a secret ballot (*id.*). The constitutional amendment that Plaintiff challenges in this action passed in Arizona last year with 61% of voter support. It also been enacted in South Carolina (86%), South Dakota (79%), and Utah (60%) (*see id.*, ¶ 4). The measure has also passed by statute in Indiana following lobbying efforts by Save Our Secret Ballot (*id.*, ¶ 5), and efforts are underway for ballot measures next year in Alabama, California, Florida, Missouri, New Hampshire, Ohio, and Tennessee (*id.*, ¶ 6). Save Our Secret Ballot has a substantial interest in ensuring that the right to a secret ballot is guaranteed, and it seeks to intervene in this action to protect that interest.

4. Applicant Joyce McClain is an adult resident of the State of Arizona and is employed as a nurse in a private hospital. Applicants Jose Barraza, Rafael Barraza, R. Scott Brooks, Jr., Sandra Brown, Dominic T. Drobeck, Jamie Franklin, Ahelardo Garcia, Angelo Granata, Justin Helwig, Jose Hernandez, Raul

---

[1] The Court is required to accept as true the non-conclusory allegations made in support of this motion. *S.W. Center for Bio. Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001).

Hernandez, Reyes Inzunza, Derek Kaiser, Enrique Lara, Jr., Benny P. Martinez, Gabriel Mendez, Eleuterio Miguel, Chad A. Mullenax, Roger S. Myllenbeck, Adalberto Pena Parra, Tyson Petrie, Jeff Phillips, Shawn Riegle, Daniel Rusch, David Santellano, Roy C. Smith, Kelvin L. Steffen, Johnnie Teller III, Marco Teran, Steven R. Tulloss, Israel Vargas, and Harvey Wietting are all adult residents of the State of Arizona employed in the nonunionized private construction industry.  Each of them is within the class of individuals eligible to organize a union.  Should a union be formed in their workplace, it will affect the conditions of their employment.  If an effort is made to organize a union in their present workplace or any future workplace, they intend to invoke the protections of the secret ballot guarantee in Art. 2, § 37 of the Arizona Constitution to ensure that they may vote their conscience, free from any pressure or intimidation.

  5. Applicant Raeleen Kasinec is a teacher in a nonunionized public charter school.  The NLRB does not have jurisdiction over public school employees.  However, if the plaintiff is awarded the relief it seeks in this lawsuit, it will affect not only workers who are subject to its jurisdiction, but thousands of workers who are not.  Therefore, applicant Kasinec seeks to intervene to defend her right to secret ballot under the Arizona Constitution.

  6. If permitted to intervene, the applicants will not disrupt the existing schedule for consideration of the State's Motion to Dismiss.  Based on the Memorandum of Points and Authorities below, the individual applicants and Save

Our Secret Ballot move to intervene in defense of Plaintiff's challenge to Art. 2, § 27.

**Memorandum of Points and Authorities**

The rule for intervention is broadly construed in favor of intervenors. *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002). "A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts." *Id.* at 397-98 (citation omitted). Under Rule 24(a) (intervention of right), courts must permit anyone to intervene who claims an interest the subject of the action when (1) the applicant's motion is timely; (2) the applicant asserts an interest in the subject of the action; (3) the applicant's interests may be practically impeded by disposition of the action; and (4) the applicant's interest is inadequately represented by the other parties. *Id.* at 397. Under Rule 24(b) (permissive intervention), courts may permit anyone to intervene when (1) the applicant's motion is timely; (2) there are independent grounds for jurisdiction; (3) the applicant has a claim or defense that shares a common question of law or fact with the action. *Id.* at 403. "[C]ourts are guided primarily by practical and equitable considerations." *Id.* at 397 (quotation omitted). Save Our Secret Ballot and the individual applicants move for mandatory intervention, or alternatively, for permissive intervention.

**I.  Timeliness**

The first factor for both intervention of right and permissive intervention, timeliness of the application, is unquestionably met. This motion is filed merely

weeks after Plaintiff initiated the action.  This motion is "filed at a very early stage, before any hearings or rulings on substantive matters." *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995).  Save Our Secret Ballot and the individual applicants here have clearly acted with alacrity, exceeding the timeliness requirement for intervention.  Their interests satisfy the remaining factors for intervention of right as well as permissive intervention.

**II. Intervention of Right**

Save Our Secret Ballot, the organization that drafted the language of the amendment challenged here (Ex. 2, ¶¶ 3 & 7), has a right to intervene because "[a] public interest group is entitled as a matter of right to intervene in an action challenging the legality of a measure it has supported." *Idaho Farm Bureau Fed'n*, 58 F.3d at 1397 (conservation groups intervening in action challenging the listing of a snail under the Endangered Species Act, where they were active in getting the snail listed).  Accord, *Yniguez v. Arizona*, 939 F.2d 727 (9th Cir. 1991), *subsequent history omitted* (sponsors of ballot initiative intervened in action challenging its constitutionality); *Wash. State Bldg. & Constr. Trades Council v. Spellman*, 684 F.2d 627, 630 (9th Cir. 1982) (public interest group intervened in action challenging a measure it had supported); *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 526-28 (9th Cir. 1983) (Audubon Society intervened in action challenging the validity of a wildlife sanctuary in which it actively participated to establish).

The individuals named here also have a right to intervene because they are among those whom Art. 2, § 37 is designed to protect and therefore are among those whose interests stand to be compromised in the disposition of an action challenging the measure. *Yniguez*, 939 F.2d at 734. The individuals and Save Our Secret Ballot timely file this motion and meet all three factors for intervention of right.

1. <u>Interest in the subject of the action.</u>

"Whether an applicant for intervention demonstrates sufficient interest in an action is a practical, threshold inquiry. No specific legal or equitable interest need be established." *S.W. Center for Bio. Diversity*, 268 F.3d at 818 (quotation omitted). The interests of Save Our Secret Ballot and the individual applicants far exceed this minimum threshold inquiry. Save Our Secret Ballot's interests warrant intervention of right because "there is a virtual *per se* rule that the sponsors of a ballot initiative have a sufficient interest in the subject matter of litigation concerning that initiative to intervene pursuant to Fed.R.Civ.P. 24(a)." *Yniguez*, 939 F.2d at 733. The initiative's sponsors "have a strong interest in the vitality of a provision of the state constitution which they proposed and for which they vigorously campaigned." *Id.*

The individual intervenor applicants also have a significant interest in the measure because they are precisely those who are intended to be protected by Art. 2, § 37 and precisely those who will be injured if Plaintiff succeeds in this action. The intended beneficiaries of laws routinely satisfy the interest prong for

intervention of right. *Cty. of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980) (small farmers intervened in action challenging reclamation laws intended to benefit them by offering small tracts of farm land at nonspeculative prices); *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440-41 (9th Cir. 2006) (healthcare providers intervened in action challenging law that prohibited governments from penalizing doctors who refused to perform abortions because such healthcare providers were the law's intended beneficiaries); *S.W. Center for Bio. Diversity*, 268 F.3d at 818 (construction contractor and building trades associations intervened in action challenging city's land management program intended to benefit them); *Johnson v. San Francisco Unified Sch. Dist.*, 500 F.2d 349, 352-54 (9th Cir. 1974) (parents intervened in school desegregation action to compel reassigning their children to different schools); *Californians for Safe & Competitive Dump Truck Transp. v. Mendonca*, 152 F.3d 1184, 1190 (9th Cir. 1998) (union intervened in action to enforce minimum wage law intended to benefit workers). The individual applicants, who are within the class of individuals eligible to organize a union and would be affected by that effort would invoke the protections of Art. 2, § 37 if faced with the question of unionization. They are clearly interested in the subject of this action.

2. Potential for practical impairment of interests.

This case is unusual because it primarily impacts individual rights rather than state sovereignty. As the State notes in its Motion to Dimiss at 6, "The State does not enforce the Amendment as it would a regulatory prohibition or penal

statute.  Rather, rights created under the Amendment will be enforced by affected parties."  It is essential that the individual applicants be allowed to intervene to preserve their rights.

An adverse decision here would clearly impair the individual applicants' interest in voting by secret ballot should an effort be mounted (or repeated in some cases) to organize a union in their workplace.  If the protections of the secret ballot measure were declared invalid or were narrowed by this action, the individuals may be less likely to vote their conscience in an election and more subject to pressure and intimidation.  This is precisely why healthcare providers in California were permitted to intervene in an action where the plaintiffs sought to invalidate or narrow a law that prohibited governments from penalizing doctors who refused to perform abortions.  *California ex rel. Lockyer*, 450 F.3d at 441.  Just as in that case, the potential impairment of the interests of the applicants here warrant intervention of right.

An adverse decision in this action would also impair Save Our Secret Ballot's interest in securing the right to secret ballot in Arizona.  When an action challenging the validity of a wildlife sanctuary had potential to impair the Audubon Society's interest preserving birds and their habitats, the Ninth Circuit granted the Society's motion to intervene of right.  *Sagebrush Rebellion, Inc.*, 713 F.2d at 528.  This Court should grant Save Our Secret Ballot's motion here too. Save Our Secret Ballot's activities to secure secret ballot rights in other states gives rise to an additional threat of practical impairment to its interests.  If the

language protecting secret ballots in Arizona is narrowed or invalidated, those same measures may become vulnerable to legal challenges in other states, both practically and legally.

The doctrine of "*stare decisis* may supply the requisite practical impairment warranting intervention of right." *Smith v. Pangilinan*, 651 F.2d 1320, 1325 (9th Cir. 1981).  With respect to Save Our Secret Ballot's efforts to secure the right to a secret ballot in California by November of 2012 (*see* Ex. 2, ¶ 6), an adverse decision from the Ninth Circuit in this action (should this Court's ruling eventually be appealed) could block the organization's interest in a California copy of Arizona's measure as a binding matter of law.  Obviously if the matter goes to the U.S. Supreme Court, it will determine the issue entirely.  It is necessary that Save Our Secret Ballot have a voice in that litigation.  *See Smith*, 651 F.2d at 1325.[2] Yet even an adverse decision that is not legally binding on Save Our Secret Ballot's efforts in other states would impair its interests as a practical matter because of (1) the weight of persuasive authority on matters of federal law, which this action implicates, and (2) the challenge in attempting to secure passage of a constitutional amendment that has been previously invalidated or limited in another state.  The potential for impairment of Save Our Secret Ballot's interests both in Arizona and other states necessitate granting intervention in this action.

---

[2] The possibility that intervention could be granted later in the litigation (for example in the Ninth Circuit after an adverse ruling by this Court) does not justify the denial of intervention now; applicants for intervention should be permitted to develop the record, and in fact they are required by Rule 24 to move to intervene in a timely manner. *Sagebrush Rebellion, Inc.*, 713 F.2d at 528.

3. <u>Inadequate representation by the existing party.</u>

In a motion to intervene of right, "the requirement of inadequacy of representation is satisfied if the applicant shows that representation of its interests 'may be' inadequate." *Sagebrush Rebellion, Inc.*, 713 F.2d at 528. "[T]he burden of making this showing is minimal." *Id.* Here, there is a significant possibility that the State will not adequately represent the interests of Save Our Secret Ballot and the individual applicants because the measure it must defend was enacted by voter initiative rather than by the Legislature. The Ninth Circuit has reasoned that

> the government may be less than enthusiastic about the enforcement of a measure adopted by ballot initiative; for better or worse, the people generally resort to a ballot initiative precisely because they do not believe that the ordinary processes of representative government are sufficiently sensitive to the popular will with respect to a particular subject. While the people may not always be able to count on their elected representatives to support fully and fairly a provision enacted by ballot initiative, they can invariably depend on its sponsors to do so.

*Yniguez*, 939 F.2d at 733. For this reason, intervention by Save Our Secret Ballot is required of right.

Save Our Secret Ballot has acquired particular knowledge of legal and factual issues implicated by this action through its development of the ballot measure here and in other states. Despite the fact that there is a presumption of adequate representation of constituents by a governmental party, the Supreme Court held that the Secretary of Labor did not adequately represent an individual worker interested in setting aside a union election, and the Court granted intervention as of right. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528,

538-39 (1972) ("Even if the Secretary is performing his duties, broadly conceived, as well as can be expected, the union member may have a valid complaint about the performance of 'his lawyer'").

Additionally, the individual applicants will assert their personal rights under the First Amendment and the National Labor Relations Act (*see* Ex. 1, ¶¶ 4 & 6). Although the State has standing to defend individual rights established by its laws, *see*, *e.g.*, *Virginia ex rel. Cuccinelli v. Sebelius*, 702 F. Supp. 2d 598, 605 (E.D. Va. 2010); *Florida ex rel. McCollum v. U.S. Dept. of Health & Human Services*, 716 F. Supp. 2d 1120 (N.D. Fla. 2010), it does *not* have standing to assert individual federal constitutional or statutory rights. Those critical affirmative defenses may only be raised by the individual applicants. *Cf. Abood v. Detroit Bd. of Ed.*, 431 U.S. 209, 235-36 (1977) (establishing First Amendment right not to have union dues used for political purposes).

Even if the State adequately investigated and argued all issues necessary to protect the applicants' interests here, nothing would prevent the State from abandoning those arguments it makes to this Court in furtherance of different public interests. *See Johnson*, 500 F.2d at 354 (school district charged with the representation of all parents in the school district may not adequately represent an intervenor group of minority parents in defending its desegregation plan). However, "it is not Applicants' burden at this stage in the litigation to anticipate specific differences in trial strategy." *S.W. Center for Bio. Diversity*, 268 F.3d at

824.  The "most prudent course" is for applicants to intervene "as soon as they had doubts about the Attorney General's representation."  *Yniguez*, 939 F.2d at 735.

The interests of the State and applicants are not identical because Save Our Secret Ballot's interests include expanding the secret ballot protection in states beyond Arizona (*see* Ex. 2, ¶¶ 4-6).  The State here cannot be expected to adequately represent those interests.  Further, the State's representation in defense of the challenged measure could cease even within Arizona if the State neglects to appeal from an adverse decision from either this Court or the Ninth Circuit.  *See Andrus*, 622 F.2d at 439.  In that event, the applicants could pursue the appeal to protect their interests in Arizona and other states, provided that intervention is granted here.[3]

Doubts about the adequacy of the State's representation multiply because this action could be resolved by limiting the construction of the secret ballot measure.  This is precisely what Plaintiff suggests in its Complaint (§ XV).  The existing parties even discussed the possibility of avoiding legal action if they could reach an agreement on the construction of the measure (*see* Ex. 3), and discussions could continue.  "[W]illingness to suggest a limiting construction in defense of a statute is an important consideration in determining whether the government will adequately represent its constituents' interests."  *California ex rel. Lockyer*, 450 F.3d at 444.  A ruling by this Court or a private settlement between the parties in

---

[3] An applicant must be permitted intervention early in the litigation so the applicant can "fully to participate in making the record on which it may have to rely on appeal."  *Sagebrush Rebellion, Inc.*, 713 F.2d at 528.

the absence of the measure's drafters and intended beneficiaries would frustrate the purpose of intervention to guarantee fair and adequate representation of interested parties. Finally, the individual applicants will assert rights protected by the U.S. Constitution an National Labor Relations Act that the State does not possess and cannot assert. Accordingly, intervention should be granted of right.

### III.     Permissive Intervention

In the alternative to granting intervention of right, permissive intervention is justified because there are independent grounds for jurisdiction and the applicants share a common question of law or fact with this action. The applicants raise no counterclaims, and their defense is based solely on federal law, which confers federal question jurisdiction. To say that Save Our Secret Ballot and the intervenor-applicants "share a common question or law or fact" with this action is an understatement. By this action, Plaintiff seeks to reverse the protections achieved by the secret ballot measure, in direct opposition to the very mission of Save Our Secret Ballot and in conflict with the interests of the individuals whom the measure was intended to protect. The applicants' defense shares essentially identical questions of law and fact, and they unquestionably satisfy the criteria for permissive intervention.

### Conclusion

As the drafter and proponent of the measure to secure the right to secret ballot in Arizona, Save Our Secret Ballot is entitled to intervene. Intervention is necessary for Save Our Secret Ballot to protect its efforts to secure that right in

other states, an interest not shared by the State of Arizona charged with defending this action. As beneficiaries of the challenged secret ballot measure, the individual applicants are entitled to intervene. Resolution by limiting the construction of the measure may be adverse to the applicants' significant interests. Intervention would not cause prejudice or delay, and participation of the applicants would assist this Court's resolution of the issues. Amicus status is insufficient because it does not allow the applicants to raise issues or arguments formally and gives no right to appeal an adverse decision. *United States v. City of Los Angeles*, 288 F.3d at 400. For all these reasons, the applicants respectfully request that the Court grant their motion to intervene.

**Respectfully submitted June 9, 2011 by:**

/S/Clint Bolick
Clint Bolick (Arizona Bar No. 021684)
Diane S. Cohen (Arizona Bar No. 027791)
Christina Kohn (Arizona Bar No. 027983)
**Scharf-Norton Center for Constitutional Litigation at the GOLDWATER INSTITUTE**
500 E. Coronado Rd., Phoenix, AZ 85004
(602) 462-5000
litigation@goldwaterinstitute.org
*Attorneys for Intervenor-Defendants*
*Save Our Secret Ballot & 34 Individuals*

**CERTIFICATE OF SERVICE**

I am an attorney and hereby certify that on June 9, 2011, I electronically filed the attached document with the Clerk of the Court for the United States District Court-District of Arizona by using the CM/ECF system.

Plaintiff NLRB and Defendant State of Arizona are registered CM/ECF users and service will be accomplished by the District Court's CM/ECF system. I certify that I also accomplished service by email to Mark G. Eskenazi, National Labor Relations Board, 1099 14th St., N.W., Suite 8600, Washington, DC 20570, Mark.Eskenazi@nlrb.gov on behalf of Plaintiff NLRB, and David R. Cole, Arizona Solicitor General, 1275 W. Washington, Phoenix, AZ 85007, Dave.Cole@azag.gov, on behalf of Defendant State.

/S/Carrie Ann Sitren