# Exhibit 1

**Scharf-Norton Center for Constitutional Litigation at the**
**GOLDWATER INSTITUTE**
Clint Bolick (Arizona Bar No. 021684)
Diane S. Cohen (Arizona Bar No. 027791)
Christina Kohn (Arizona Bar No. 027983)
500 E. Coronado Rd., Phoenix, AZ 85004
(602) 462-5000
litigation@goldwaterinstitute.org
*Attorneys for Intervenor-Defendants Save Our Secret Ballot & 34 Individuals*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD, | 2:11-cv-00913 |
| Plaintiff, | **ANSWER OF INTERVENOR-DEFENDANTS SAVE OUR SECRET BALLOT AND 34 INDIVIDUALS** |
| vs. | |
| STATE OF ARIZONA, | |
| Defendant. | |

Pursuant to Rule 24(c), Fed. R. Civ. P., a motion to intervene must be "accompanied by a pleading that sets out the claim or defense for which intervention is sought." Pursuant to Rule 7(a), Fed. R. Civ. P., the most appropriate "pleading" for which the proposed Intervenor-Defendants may submit is an answer to the Plaintiff's complaint. This answer sets out the defenses for which intervention is sought, including affirmative and other defenses. Intervenor-Defendants do not, by this pleading accompanying their Motion to Intervene, waive any defenses.

1. Paragraph 1 of the Complaint merely describes what Plaintiff is seeking in this litigation and does not require a response.

2. Paragraph 2 of the Complaint states a legal conclusion that requires no response, although Intervenor-Defendants affirmatively state that Article II, § 37 of the Arizona Constitution is not preempted by the National Labor Relations Act (NLRA).

3. Intervenor-Defendants ADMIT that jurisdiction is proper in this Court and that the action is brought under the NLRA and the Supremacy Clause of the U.S. Constitution as set forth in paragraph 4 of the Complaint.

4. Intervenor-Defendants ADMIT that venue is proper in this Court as set forth in paragraph 4 of the Complaint.

5. Intervenor-Defendants ADMIT the allegations in paragraph 5 of the Complaint.

6. Intervenor-Defendants ADMIT the allegation in paragraph 6 of the Complaint.

7. Intervenor-Defendants ADMIT the allegations in paragraph 7 of the Complaint.

8. Intervenors-Defendants ADMIT the allegation in paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint sets forth portions of federal statutes that speak for themselves and require no response.

10. Paragraph 10 of the Complaint sets forth portions of federal statutes that speak for themselves and require no response.

11. Paragraph 11 of the Complaint sets forth portions of federal statutes that speak for themselves and require no response.

12. Paragraph 12 of the Complaint consists of Plaintiff's legal characterizations of federal statutes that speak for themselves and require no response.

13. Paragraph 13 of the Complaint consists of Plaintiff's legal characterizations of how federal and state law interrelate. The cited laws speak for themselves and require no response. However, Intervenors-Defendants affirmatively state that Art. II, § 37 of the Arizona Constitution does not deprive private-sector employees of any rights, and in fact protects their right to secret-ballot elections in union designations.

14. Intervenor-Defendants DENIES the allegations set forth in paragraph 14 of the Complaint, which consist of Plaintiff's legal conclusions.

15. Intervenor-Defendants DENIES the allegations set forth in paragraph 15 of the Complaint, which consist of Plaintiff's legal conclusions.

## Defenses

1. Plaintiff lacks standing and legal capacity to bring this action.

2. The requested relief would violate the Tenth Amendment of the United States Constitution.

3. The requested relief would violate Intervenor-Defendant Save Our Secret Ballot's right to petition the government for redress of grievances through the initiative and referendum process that is protected by the First Amendment of the United States Constitution.

4. The requested relief would violate individual Intervenor-Defendants' right to freedom of association under the First Amendment.

5. The requested relief would violate individual Intervenor-Defendants' right to secret ballot in the formation of unions under Article II, § 37 of the Arizona Constitution.

6. The requested relief would violate individual Intervenor-Defendants' right to secret ballot elections in the formation of unions under the National Labor Relations Act.

7. The case is not ripe as no actions have been taken or threatened under the amendment.

## Request for Relief

For all of the foregoing reasons, Plaintiff's claims should be rejected and all relief denied by this honorable Court.

Respectfully submitted June 9, 2011 by:

/S/Clint Bolick
Clint Bolick (Arizona Bar No. 021684)
Diane S. Cohen (Arizona Bar No. 027791)
Christina Kohn (Arizona Bar No. 027983)
**Scharf-Norton Center for Constitutional Litigation at the GOLDWATER INSTITUTE**
500 E. Coronado Rd., Phoenix, AZ 85004
(602) 462-5000
litigation@goldwaterinstitute.org
*Attorneys for Intervenor-Defendants Save Our Secret Ballot & 34 Individuals*

## CERTIFICATE OF SERVICE

I am an attorney and hereby certify that on June 9, 2011, I electronically filed the attached document with the Clerk of the Court for the United States District Court-District of Arizona by using the CM/ECF system.

Plaintiff NLRB and Defendant State of Arizona are registered CM/ECF users and service will be accomplished by the District Court's CM/ECF system. I certify that I also accomplished service by email to Mark G. Eskenazi, National Labor Relations Board, 1099 14th St., N.W., Suite 8600, Washington, DC 20570, Mark.Eskenazi@nlrb.gov on behalf of Plaintiff NLRB, and David R. Cole, Arizona Solicitor General, 1275 W. Washington, Phoenix, AZ 85007, Dave.Cole@azag.gov, on behalf of Defendant State.

/S/Carrie Ann Sitren