# Exhibit 2

January 27, 2011

Lafe E. Solomon, Esquire
Acting General Counsel
United States Government National Labor Relations Board
1099 14th Street, NW
Suite 8600
Washington, DC 20570

Re: **State Constitutional Right to Secret Ballot in Elections for Determination of Employee Representation**

Dear Mr. Solomon:

Your Office wrote to each of us on January 13, threatening to file lawsuits challenging our States' constitutional provisions guaranteeing the secret ballot in elections for determination of employee representation. We reject your demand to "stipulate to the unconstitutionality" of these amendments. These state laws protect long existing federal rights, and we will vigorously defend any legal attack upon them. That the NLRB would use its resources to sue our States for constitutionally guaranteeing the right to vote by a secret ballot is extraordinary, and we urge you to reconsider your decision.

The voters of our States overwhelmingly support the laws that you threaten to challenge. Indeed, 86% of South Carolina's voters approved the amendment supporting secret ballots. Likewise, the voters in Utah, South Dakota, and Arizona approved constitutional amendments protecting secret ballots by votes of 60%, 79% and 61% respectively.

You premise your proposed lawsuit on the erroneous conclusion that our constitutional provisions require elections when federal law does not. We do not believe that is true. Our amendments support the current federal law that guarantees an election with secret ballots if the voluntary recognition option is not chosen. *See Linden Lumber v. NLRB*, 419 U.S. 301, 310 (1974) (absent unfair labor practice, "a union with authorization cards purporting to represent a majority of the employees, which is refused recognition, has the burden of taking the next step in invoking the Board's election procedure").

Accordingly, your letter fails to establish that our State constitutional protections have disrupted the federal regulatory scheme in any way. Both the State amendments and the NLRA support secret ballot elections in selecting union representatives. Under the NLRA, "secret elections are generally the most satisfactory--indeed the preferred--method of ascertaining whether a union has majority support." *NLRB v. Gissell Packing Co.*, 395 U.S. 575, 602 (1969). *See also In re Dana Corp.*, 351 NLRB 434, 438 (2007) ("both the Board and courts have long recognized that the freedom of choice guaranteed employees by Section 7 is better realized by a secret election than a card check"); *Royal Lumber Co.*,

Lafe E. Solomon, Esquire
January 27, 2011
Page 2

118 NLRB 1015, 1017 (1957) ("secret ballot is a requisite for a free election"). Our constitutional amendments protect the right to cast secret ballots, a right that the NLRB itself is "under a duty to preserve." *J. Bremer & Sons*, 154 NLRB 656, 659 n. 4 (1965). Secret elections promote freedom of association, here the freedom to decide for oneself, without interference, whether to join a union. *Cf. Abood v. Detroit Bd. of Ed.*, 431 U.S. 209, 233-235 (1977) ("Our decisions establish with unmistakable clarity that the freedom of an individual to associate for the purpose of advancing beliefs and ideas is protected by the First and Fourteenth Amendments."). Through these constitutional amendments, the voters in our States expressed their support for this important right.

As Attorneys General, we will defend these provisions of our State Constitutions if they are challenged, but we also firmly believe that lawsuits by the federal government to attack these provisions would be misguided. Such lawsuits not only would cost the taxpayers substantially, but would seek to undermine individual rights that the NLRA and our state and federal Constitutions protect.

We urge you to respect the decision of our States' voters because nothing is more important to our democracy than preserving the right to vote by secret ballot. If you choose to proceed with the lawsuits described in your January 13 letters, we will, of course, vigorously defend our laws.

Sincerely,

| Alan Wilson | Mark L. Shurtleff | Tom Horne | Marty J. Jackley |
| Attorney General | Attorney General | Attorney General | Attorney General |
| State of South Carolina | State of Utah | State of Arizona | State of South Dakota |
| P.O. Box 11549 | 350 North State St. | 1275 W. Washington | 1302 E. Highway 14 |
| Columbia, SC 29211 | Suite 230 | Phoenix, AZ | Suite 1 |
| 803-734-3970 | Salt Lake City, UT | 85007 | Pierre, SD |
|  | 84114-2320 | (602)542-8986 | 57501-8501 |
|  | 801-538-9600 |  |  |

Lafe E. Solomon, Esquire
January 27, 2011
Page 3

cc:   Eric G. Moskowitz, Assistant General Counsel, Special Litigation Branch, NLRB
      Abby Propis Simms, Deputy Assistant General Counsel, NLRB
      Mark G. Eskenazi, Esquire, NLRB



**United States Government**
**NATIONAL LABOR RELATIONS BOARD**
OFFICE OF THE GENERAL COUNSEL
Washington, DC 20570
*www.nlrb.gov*

1935 - 2010

February 2, 2011

The Honorable Alan Wilson
Attorney General
State of South Carolina
P.O. Box 11549
Columbia, SC 29211

The Honorable Mark L. Shurtleff
Attorney General
State of Utah
350 North State Street – Suite 230
Salt Lake City, UT 84114-2320

The Honorable Tom Horne
Attorney General
State of Arizona
1275 W. Washington
Phoenix, AZ 85007

The Honorable Marty J. Jackley
Attorney General
State of South Dakota
1302 E. Highway 14 – Suite 1
Pierre, SD 57501-8501

Gentlemen:

    Thank you for your letter of January 27, 2011. I appreciate your prompt reply and your commendable desire to resolve this matter without unnecessary expenditure of taxpayer money. I share that desire.

    As you have unanimously expressed the opinion that the State Amendments can all be construed in a manner consistent with federal law, I believe your letter may provide a basis upon which this matter can be resolved without the necessity of costly litigation. My staff will shortly be in contact with the staff members you have designated to explore this issue further.

Sincerely,

Lafe E. Solomon
Acting General Counsel

cc: via e-mail:
    Bryan P. Stirling, Deputy Attorney General, Office of the South Carolina Attorney General
    J. Emory Smith, Jr., Asst. Deputy Attorney General, Office of the South Carolina Attorney General
    Robert D. Cook, Asst. Deputy Attorney General, Office of the South Carolina Attorney General
    John E. Swallow, Chief Deputy, Office of the Utah Attorney General
    Patricia Archer, Assistant Attorney General, Office of the South Dakota Attorney General
    Eric J. Bistrow, Chief Deputy, Office of the Arizona Attorney General